UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY E. RAYMOND,

        Plaintiff,

Case No. 5:06-cv-98

Hon. Gordon J. Quist

vs.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's motion for attorney fees and other expenses pursuant to the Equal Access to Justice Act ("EAJA") (docket no. 17). On August 8, 2007, the court reversed and remanded this matter to the Social Security Agency pursuant to sentence four of 42 U.S.C. § 405(g). Defendant does not object to plaintiff's request. Accordingly, the court will consider the motion unopposed.

The EAJA provides in relevant part that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d). The "fees and other expenses" authorized by the EAJA include reasonable attorney fees. 28 U.S.C. § 2412(d)(2)(A).

The Sixth Circuit has identified three conditions which must be met to recover attorney fees under the EAJA: "1) the claimant must be a prevailing party; 2) the government's

position must be without substantial justification; and 3) there are no special circumstances which would warrant a denial of fees." *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *see also Delta Engineering v. United States*, 41 F.3d 259, 261 (6th Cir. 1994). Plaintiff has met all three conditions to recover attorney fees pursuant to the EAJA. First, although plaintiff has not yet obtained an award of benefits by virtue of this action, the Court has reversed the Commissioner's decision and remanded this matter for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). This reversal and remand renders plaintiff a prevailing party. *See Shalala v. Schaefer*, 509 U.S. 292 (1993). Second, it is the government's burden to show that its position was substantially justified. *Scarborough v. Principi*, 541 U.S. 401, 414 (2004). Defendant has not met this burden, having failed to file a response. Third, there are no special circumstances that warrant a denial of fees.

The amount of attorney fees awarded pursuant to the EAJA "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Here, plaintiff's application seeks an award of fees in the amount of $2,843.75 and expenses in the amount of $32.12. In his affidavit, counsel states that he spent 22.75 hours working on this matter, and that he seeks compensation at the hourly rate of $125.00. Based on this record, counsel's hourly rate falls within the range of prevailing market rates for the kind and quality of the services rendered as authorized under § 28 U.S.C. 2412(d). In addition, the hours expended by counsel have been adequately documented and are reasonable. Finally, plaintiff's request for expenses in the amount of $32.12

is adequately documented and reasonable.

Accordingly, I respectfully recommend that plaintiff's application for fees and expenses (docket no.17) be **GRANTED**, and that counsel be awarded attorney fees in the amount of $2,843.75 and expenses in the amount of $32.12, for a total award of $2,875.87.


Entered: April 2, 2008     /s/ Hugh W. Brenneman, Jr.
 Hugh W. Brenneman, Jr.
 United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).